# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORI A. RAPPOLD,** | : | |
|  Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-cv-1964** |
| | : | |
| **ANDREW SAUL** | : | |
| **Commissioner of Social Security,** | : | |
|  Defendant. | : | |

## MEMORANDUM OPINION

**RICHARD A. LLORET**                  **November 25, 2019**
**U.S. MAGISTRATE JUDGE**

Ms. Lori Rappold (hereafter Ms. Rappold or Plaintiff) appeals the final decision of the Commissioner of Social Security denying her request for benefits. Doc. No. 3. On June 13, 2018, the Administrative Law Judge (ALJ) denied Ms. Rappold's claim for benefits. R. 10-29.[1] Ms. Rappold has failed to file an appropriate brief and statement of issues in accordance with the Procedural Order in this case. *See* ECF Doc. No. 7, Procedural Order. The Commissioner has moved to dismiss the action for failure to prosecute.

## PROCEDURAL HISTORY

On May 3, 2019, Ms. Rappold initiated this action and filed a motion for leave to proceed *in forma pauperis*. Doc. No. 1. She also moved for appointment of counsel. Doc. No. 2. I granted both her *in forma pauperis* motion and her motion for counsel. Doc. Nos. 6, 7.[2] The order granting Plaintiff's motion for appointment of counsel instructed

---
[1] References to the Administrative Record filed by the Commissioner are designated as "R. #."
[2] The Plaintiff consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* Doc. No. 4 (Ms.

the clerk to place the case on the extranet for selection by a panel attorney. Doc. No. 7. On July 18, 2019, after learning that two attorneys from the panel contacted Ms. Rappold but she refused the services of both attorneys, I entered an order removing the case from the Social Security Panel, and directing Ms. Rappold to represent herself if she wished to proceed with her case. The same order instructed Ms. Rappold to file and serve a "Plaintiff's Brief and Statement of Issues in Support of Request for Review" within sixty (60) days of July 18, 2019. Doc. No. 13. This meant she had until September 16, 2019 to file her brief. On September 5, 2019, Ms. Rappold filed a document which she named, "Plaintiff's Brief and Statement of Issues in Support of Request for Review," but which consisted of only a copy of the Standing Procedural Order for Cases Seeking Social Security Review, and thirteen pages of random medical records from various providers, including: Abington Jefferson Health, Bergerhenry ENT Specialty Group, Abington Health Lansdale Hospital, St. Luke's Physician Group, and PIVA Medical Specialists. Doc. No. 14, pp. 1-14.

On October 23, 2019, I filed an order specifically advising Plaintiff that the document she had filed did not qualify as a "brief," and giving Plaintiff additional time, until November 4, 2019, to file a brief "addressing the substance of her claim for relief, and explaining why this matter should not be dismissed for failure to prosecute, based on the factors identified in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Instead, on November 4, 2019, Ms. Rappold filed a document entitled "Its (sic) Brief in Support of Request for Review, which consisted solely of a list of dates upon which certain events occurred, such as her application for benefits, its denial, her appeal

---

Rappold's Consent Form). The Commissioner has not filed its standard General Consent form in this case but has not objected to my jurisdiction.

and its denial. Doc. No. 16, p. 1. "Newly provided information" consists solely of the claim number on a denial of workers compensation and "onset" dates for "medical condition." *Id.* "Allegations of appeal" states "head" and "contusion," in numbered sections. Finally, the "Argument" section consists of the numbers one through four, apparently citing to a single record page.[3] The remainder of the "argument" in its entirety states:

> 2. Epistaxis – R04.0 – severe 10/26/19
> 3. Chronic symptoms with ongoing intermittent pain: neck pain, back pain.
> 4. Memory loss

Doc. No. 16, p. 2.

Page 4 of Doc. No. 16 is a copy of a "notice of workers' compensation denial," page 5 is a "report of employee injury/occupational illness," and the sixth and final page is a letter dated October 9, 2015 from AVI Risk Services, LLC to Ms. Rappold denying reimbursement of a co-payment.

The Commissioner filed a motion to dismiss for failure to prosecute on November 8, 2019. Doc. No. 17. For the reasons discussed below, I agree with the Commissioner, and conclude that Ms. Rappold's action should be dismissed.

## DISCUSSION

A district court may dismiss an action if a plaintiff fails to prosecute the case or comply with a court order. *See* Fed. R. Civ. P. 41(b); *Allen v. American Fed. of Gov't Employees*, 317 F. App'x 180, 181 (3d Cir. 2009) (not precedential) (citing to *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994)) ("A court may dismiss a case with prejudice

---

[3] Number One in this heading states: "Headaches-R51." R. 51 is part of the transcript of the hearing, recording testimony of the vocational expert. Headaches are not mentioned on that page. I am therefore unable to verify if my assumption that this is a cite to the record is correct.

for want of prosecution under Fed. R. Civ. P. 41(b) in order to achieve the orderly and expeditious disposition of cases . . . ."). However, before doing so, the district court generally must evaluate the factors identified in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See, e.g.*, *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 131–32 (3d Cir. 2019); *Spain*, 26 F.3d at 455–56; *Rawls v. Gibbs*, 741 F. App'x 108, 109 (3d Cir. 2018) (not precedential); *Shelley v. Patrick*, 361 F. App'x 299, 301 n.5 (3d Cir. 2010) (not precedential). These factors include (1) the extent of the plaintiff's responsibility; (2) the prejudice to the defendant; (3) whether the plaintiff has a history of improper delay; (4) whether the plaintiff's failure to file was willful or in bad faith; and (6) whether the plaintiff's claims are meritorious. *Poulis*, 747 F.2d at 868.

None of these factors alone are dispositive, and they do not all "need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand*, 923 F.3d at 132. But because dismissal is a severe consequence, it should be "a sanction of last, not first, resort," and any doubts should be "resolved in favor of reaching a decision on the merits." *Id.* (quoting *Poulis*, 747 F.2d at 867, 869, then *Adams v. Trs. Of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 879 (3d Cir. 1994)). After careful review, I find that the *Poulis* factors weigh in favor of dismissing this action.

### A. Extent of plaintiff's responsibility.

First, Ms. Rappold has twice refused the assistance of counsel who could help her file appropriate pleadings and has then twice entirely failed to comply with the court's orders concerning the proper prosecution of her claim. Therefore, unlike the circumstances in *Poulis*, where the plaintiffs' counsel was admittedly responsible for the delay in prosecution, here, the responsibility lies with the Plaintiff herself. Accordingly, I

find that Ms. Rappold is responsible for the failure to prosecute and that this factor strongly weighs in favor of dismissal.

### B. Prejudice to the defendant.

With regard to the second factor, the Commissioner states that he has suffered prejudice because the Commissioner "is unable to draft a response to Plaintiff's 'brief' because Plaintiff has not identified any specific alleged defects with the ALJ's decision." Doc. No. 17, p. 5. I agree. Nothing in either of Ms. Rappold's filings give any indication of the basis upon which she believes the ALJ erred in her findings. Therefore, the second factor strongly weighs in favor of dismissal.

### C. History of improper delay.

Next, *Poulis* instructs me to examine whether the litigation has been characterized by a consistent delay by the Plaintiff. *Poulis*, 747 F.2d at 868. Ms. Rappold filed her complaint, application to proceed *in forma pauperis*, and her motion for counsel on May 3, 2019. Doc. Nos. 1, 2, 3. Her motions were granted within days and the Commissioner was served. Two months later, on July 18, 2019, I lifted the stay after learning that Ms. Rappold had refused the services of not one, but two attorneys. Doc. No. 13. While Ms. Rappold has filed documents within the time designated by the court, in both instances her filings were wholly inadequate and frustrated the continuation of the litigation in that they did not set forth any indication of Ms. Rappold's allegations of error. *See* Doc. Nos. 14, 16. A history of improper delay is "generally established by repeated 'delay or delinquency." *Nieves v. Capozza*, 2019 WL 5328819, p. *3 (W.D. Pa. September 24, 2019) (quoting *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). The Commissioner notes that Plaintiff's failure on two opportunities to file a conforming brief weighs in favor of dismissal.

While this may not "characterize[] a consistent delay," as instructed in *Poulis*, I agree that it again weighs in favor of dismissal, in that Ms. Rappold was given a second chance to advise the court and the defendant the basis upon which she intended to prosecute her claim, and has failed to do so.

### D. Plaintiff's willfulness or bad faith.

For the fourth *Poulis* factor, I must consider Ms. Rappold's willfulness or bad faith. I agree with the Commissioner that the conduct does not necessarily establish bad faith, however, her refusal of the assistance of two attorneys, available to her without cost, suggests willfulness. Doc. No. 17, p. 5. Accordingly, this factor weighs in favor of dismissal.

### E. Alternative sanctions.

Ms. Rappold has failed to accept the court's instruction to argue against dismissal of her case and to advise the basis upon which she intends to proceed. It therefore appears that at this time, there are no other less drastic remedies available than dismissal, as the Plaintiff has refused to comply with the court's specific instructions concerning how to proceed and save her from dismissal of her claim. The Commissioner contends that Plaintiff's failure to comply with my October 23, 2019 order weighs in favor of dismissal, as no lesser sanction would be effective. Doc. No. 17, p. 5. I agree: I have already twice extended the time for Ms. Rappold to file an appropriate brief, to no avail. Because she established insufficient financial means to proceed without *in forma pauperis* status, monetary sanctions would likely be similarly ineffective. Therefore, this factor also weighs in favor of dismissal.

**F. Merits of the plaintiff's claims.**

Finally, Ms. Rappold has failed to articulate any claim upon which the Commissioner or I may determine if her action is meritorious. Doc. Nos. 15, 17. *Poulis* instructs, "[i]n considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* at 869-70 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 2015); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). Plaintiff's complete failure to state the grounds upon which she claims the ALJ erred, therefore, wholly hinder my ability to follow these instructions, as there are no allegations in place which would support recovery by the Plaintiff.

The Commissioner notes the following with respect to this last factor under *Poulis* in its motion to dismiss:

> This case was decided at step four of the Commissioner's five-step sequential evaluation process, as the ALJ [] found that Plaintiff was able to return to her past relevant work as a receptionist (R. 22). It is Plaintiff's burden at step four in the sequential evaluation process to show that she cannot perform her past relevant work as generally performed in the national economy or as she actually performed it. 20 C.F.R. §§404.1505, .1560(b)(1)-(3), .1512(a); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (burden on claimant at step four). She has failed to point to any evidence that she cannot perform her past relevant work.

Doc. No. 17, p. 6.

Under the deferential substantial evidence standard of review, I am not permitted to "weigh the evidence or substitute [my] conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). My reading of the ALJ's

7

decision does not reveal anything, on its face, that indicates the ALJ did anything other than review and weigh all of the evidence in Ms. Rappold's case and come to a decision pursuant to the law and regulations of the Social Security Administration. Therefore, the final *Poulis* factor, the meritoriousness of the claim, weighs in favor of dismissal.

For these reasons, I conclude that all of the *Poulis* factors weigh in favor of dismissing this action for a failure to prosecute. I will therefore grant the Commissioner's motion to dismiss for failure to prosecute. An appropriate order follows.

## CONCLUSION

Based upon the discussion above, this action is dismissed for a failure to prosecute.

**BY THE COURT:**

*s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**